IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-02196-WYD

TERRI L. SHENEMAN JENKINS BRATT,

  Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

  Defendant.

## ORDER

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss (ECF No. 13).  No response was filed.

Plaintiff filed her Complaint *pro se*, seeking judicial review of the administrative law judge's decision denying her claim for social security disability benefits.  Plaintiff appears to have exhausted her administrative remedies, attaching to her Complaint a copy of a July 27, 2015 letter from the Social Security Administration, entitled "Notice of Appeals Council Action," denying her appeal from the ALJ's decision.  Because Plaintiff filed her Complaint more than 65 days after the date of the Notice, however, the action in this court appears to be time-barred.

Judicial review of final agency decisions on social security disability benefits claims under Title II or Title XVI of the Social Security Act is provided for and exclusively limited by Sections 205(g) and (h) of the Act, which are codified at 42 U.S.C. § 205(g) and (h).  Section 205(g) allows individuals to obtain review of an adverse final decision

of the Social Security Administration by commencing a civil action "within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow."  The time allowed for receipt by mail is five days, unless a reasonable showing to the contrary is made to the Social Security Administration's Appeals Council.  20 C.F.R. § § 405.901 and 422.210(c).   It does not appear Plaintiff made or attempted to make such a showing to the Appeals Council, so her Complaint, as a matter of law, was required to have been filed 65 days after July 27, 2015, or, September 30, 2015.  Plaintiff's action was filed October 2, 2015.

"The congressional purpose, plainly evidenced in section 205(g), [is to] impose a 60 day limitation upon judicial review of the Commissioner's final decision . . . ." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The right to review is, by its nature, a waiver by Congress of the United States' otherwise complete and sovereign immunity to actions for monetary relief and conditions on the waiver of sovereign immunity must be strictly construed.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).   Moreover, the limitations period serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually," *see id.* at 481, and it is in the interest of efficiency and fairness to observe a bright-line rule that does not bog down the processing of social security cases for individual evaluations of how and why a complaint was filed late.

Additionally, since Plaintiff failed to respond to the pending motion to dismiss, the Court is without information as to whether Plaintiff applied to the Appeals Council for an extension of time in order to preserve her appeal.  This is a tough rule, but a necessary one given the volume of social security filings received in this Court and throughout the

country.

Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED.** This action is **DISMISSED** as untimely.

Dated:  February 11, 2016

BY THE COURT:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE